**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1180
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ENRIQUE ARANA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

v.

POLARIS CLEANERS 99 INC.
d/b/a POLARIS CLEANERS,
POLARIS CLEANERS 53 INC.
d/b/a POLARIS CLEANERS,
V.I.P. CLEANERS INC.
d/b/a V.I.P. CLEANERS AND TAILOR,
106 LA MODE CLEANERS INC.
d/b/a LA MODE CLEANERS,
LA MODE 1st CLEANERS INC.
d/b/a LA MODE CLEANERS,
LA MODE CLEANERS OF NEW YORK 37 INC.
d/b/a LA MODE CLEANERS,
LA MODE CLEANERS 40 INC.
d/b/a LA MODE CLEANERS,
LA MODE CLEANERS 58 INC.
d/b/a LA MODE CLEANERS,
LA MODE CLEANERS 7 LLC.
d/b/a LA MODE CLEANERS,
LA MODE CLEANERS 8 LLC.
d/b/a LA MODE CLEANERS,
LA MODE ORGANIC CLEANERS INC.
d/b/a LA MODE CLEANERS,
and RICHARD J. AN,

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, ENRIQUE ARANA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, POLARIS CLEANERS 99 INC. d/b/a POLARIS CLEANERS, POLARIS CLEANERS 53 INC. d/b/a POLARIS CLEANERS, V.I.P. CLEANERS INC. d/b/a V.I.P. CLEANERS AND TAILOR, 106 LA MODE CLEANERS INC. d/b/a LA MODE CLEANERS, LA MODE 1st CLEANERS INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS OF NEW YORK 37 INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 40 INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 58 INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 7 LLC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 8 LLC. d/b/a LA MODE CLEANERS, LA MODE ORGANIC CLEANERS INC. d/b/a LA MODE CLEANERS, (collectively, "Corporate Defendants") and RICHARD J. AN, ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid regular and overtime wages, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid regular and overtime wages, (2) unlawful deductions from wages, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This court has personal jurisdiction over Plaintiff because Plaintiff is a resident of Queens County, New York.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ENRIQUE ARANA is a resident of Queens County, New York.

6. Defendants own and operate eleven (11) dry-cleaner businesses under multiple trade names including "La Mode Cleaners," "Polaris Cleaners" and "V.I.P. Cleaners and Tailor" with addresses as follows:

(a) 99 Park Avenue #1, New York, NY 10016 ("Polaris Cleaners")
(b) 550 West 53rd Street, New York, NY 10019 ("Polaris Cleaners")
(c) 329 Amsterdam Avenue, New York, NY 10023 ("V.I.P. Cleaners and Tailor")
(d) 106 West 69th Street, New York, NY 10023 ("La Mode Cleaners");
(e) 342 East 71st Street, New York, NY 10021 ("La Mode Cleaners");
(f) 350 West 37th Avenue, New York, NY 10018 ("La Mode Cleaners");
(g) 235 East 40 Street, New York, NY 10016 ("La Mode Cleaners");
(h) 469 West 57th Street #1, New York, NY 10019 ("La Mode Cleaners");
(i) 160 West 55th Street, New York, NY 10019 ("La Mode Cleaners");
(j) 9 East 8th Street, New York, NY 10003 ("La Mode Cleaners");
(k) 242 West 72nd Street, New York, NY 10023 ("La Mode Cleaners");

(collectively, "Defendant's Dry Cleaners").

7. Defendants operate Defendant's Dry Cleaners as a single integrated enterprise. Specifically, Defendant's Dry Cleaners are engaged in related activities, share common ownership and have a common business purpose. Defendant's Dry Cleaners are engaged in the same business of operating dry cleaners in New York City. Defendant's Dry Cleaners are commonly owned and operated by Individual Defendant. Defendant's Dry Cleaners share a

common trade name and logo, share a common décor and appearance, and offer similar services. Defendant's Dry Cleaners maintain centralized labor relations and human resources and implement the same wage and hour policies and procedures established by Defendants. Supplies and employees are interchangeable among Defendant's Dry Cleaners. Hiring for Defendant's Dry Cleaners is centrally managed and applicants can apply for a job at any of the cleaners' locations.

8. Corporate Defendant POLARIS CLEANERS 99 INC. d/b/a POLARIS CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 99 Park Avenue #1, New York, NY 10016 and an address for service of process located at 43-09 68th Street, Woodside, NY 11377.

9. Corporate Defendant POLARIS CLEANERS 53 INC. d/b/a POLARIS CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 550 West 53rd Street, New York, NY 10019.

10. Corporate Defendant V.I.P. CLEANERS INC. d/b/a V.I.P. CLEANERS AND TAILOR is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 329 Amsterdam Avenue, New York, NY 10023.

11. Corporate Defendant 106 LA MODE CLEANERS INC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 106 West 69th Street, New York, NY 10023

12. Corporate Defendant LA MODE 1st CLEANERS INC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 342 East 71st Street, New York, NY 10021.

13. Corporate Defendant LA MODE CLEANERS OF NEW YORK 37 INC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 350 West 37th Avenue, New York, NY 10018.

14. Corporate Defendant LA MODE CLEANERS 40 INC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 235 East 40 Street, New York, NY 10016.

15. Corporate Defendant LA MODE CLEANERS 58 INC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 469 West 57th Street #1, New York, NY 10019 and an address for service of process located at Gerald Weingart, Esq. 56 Evelyn Terrace, Wayne, NJ 07470.

16. Corporate Defendant LA MODE CLEANERS 7 LLC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 160 West 55th Street, New York, NY 10019.

17. Corporate Defendant LA MODE CLEANERS 8 LLC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New

York, with a principal place of business and an address for service of process located 9 East 8th Street, New York, NY 10003.

18. Corporate Defendant LA MODE ORGANIC CLEANERS INC. d/b/a LA MODE CLEANERS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 242 West 72nd Street, New York, NY 10023.

19. Individual Defendant, RICHARD J. AN, is a principal and executive officer of Corporate Defendants and has operational control of Defendant's Dry Cleaners. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to): (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Defendant's Dry Cleaners. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

20. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

21. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to

cleaners, pressers, drivers, laundry workers, counter workers, and cashiers) employed by Defendants at Defendant's Dry Cleaners on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

23. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the lawful overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay.

24. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

25. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cleaners, pressers, drivers, laundry workers, counter workers, and cashiers) employed by Defendants at Defendant's Dry Cleaners on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

26. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and

worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

27. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

28. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29. Plaintiff can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d) Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

f) Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate that is at least one-and-one-half times the regular rate of pay;

g) Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL; and

h) Whether Defendants provided proper wage and hour notices to Plaintiff and the Class Members per requirements of the NYLL.

**STATEMENT OF FACTS**

33. From in or about January 2012 until in or about May 2018, Plaintiff ENRIQUE ARANA was employed by Defendants to work as a driver at "Polaris Cleaners" located at 99

Park Avenue #1, New York, NY 10016. Plaintiff drove to and from each of Defendant's Dry Cleaners to drop off and pick up clothes.

34. From in or around January 2014 to his termination in or about May 2018, ENRIQUE ARANA worked forty-two (42) hours per week, seven (7) hours per day, from 8:00 a.m. to 3:00 p.m., for six (6) days per week.

35. Throughout his employment with Defendants, Plaintiff ENRIQUE ARANA was paid a fixed salary of $700 per week day regardless of actual hours worked. However, there was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff. Despite his salary, Plaintiff ENRIQUE ARANA does not qualify as an exempt employee because he did not have managerial responsibilites, never supervised at least two employees, and did not have the power to hire, fire, or promote employees.

36. Throughout his employment with Defendants, Plaintiff ENRIQUE ARANA was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, as required under the FLSA and NYLL.

37. Throughout his employment with Defendants, Plaintiff ENRIQUE ARANA was paid in cash and checks and did not receive any wage statements from Defendants.

38. Throughout his employment with Defendants, Plaintiff ENRIQUE ARANA did not receive a notice of pay rate from Defendants as required under the NYLL.

39. Throughout his employment with Defendants, Plaintiff ENRIQUE ARANA regularly observed and spoke to their co-workers about Defendants' pay practices and policies.

40. Based on Plaintiff's direct observations and conversations with his co-workers. Non-exempt employees were regularly sent to work at any of the different Defendant's Dry Cleaners on an as needed basis.

41. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Defendant's Dry Cleaners regularly worked similar hours that exceeded forty (40) hours per week.

42. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Defendant's Dry Cleaners similarly suffered from Defendants' common policy that failed to pay the overtime premium due under the FLSA and NYLL. Under Defendants' companywide policy, all non-exempt employees at Defendant's Dry Cleaners were paid at a fixed salary basis without any understanding that the fixed salary was intended to cover the overtime hours worked. They were never paid at the proper overtime rate of one-and-one-half times their base hourly rate for their hours worked in excess of forty (40) per workweek.

43. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Defendants' Dry Cleaners similarly suffered from Defendants' common policy that failed to provide any notice of pay rate or wage statements, as required under the NYLL.

44. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, in violation of the FLSA and NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and Class Members with their wage payments, as required under the NYLL.

46. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members, as required under the NYLL.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

52. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the FLSA.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

58. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

59. Plaintiff realleges and reavers Paragraphs 1 through 57 of this Class and Collective Action Complaint as if fully set forth herein.

60. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§2 and 651.

61. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the New York Labor Law.

62. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

63. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

64. Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime wages due under the FLSA and NYLL;

d. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

e. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the FLSA;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the NYLL;

g. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*