UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENRIQUE ARANA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

– against –

POLARIS CLEANERS 99 INC. d/b/a POLARIS CLEANERS, POLARIS CLEANERS 53 INC. d/b/a POLARIS CLEANERS, V.I.P. CLEANERS INC. d/b/a V.I.P. CLEANERS AND TAILOR, 106 LA MODE CLEANERS INC. d/b/a LA MODE CLEANER, LA MODE 1ST CLEANERS INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS OF NEW YORK 37 INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 40 INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 58 INC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 7 LLC. d/b/a LA MODE CLEANERS, LA MODE CLEANERS 8 LLC. d/b/a LA MODE CLEANERS, LA MODE ORGANIC CLEANERS INC. d/b/a LA MODE CLEANERS, and RICHARD J. AN,

Defendants.

**OPINION AND ORDER**
20 Civ. 1143 (ER)

---

Ramos, D.J.:

     Enrique Arana brought this putative class action suit against his former employers on February 10, 2020, alleging violations of Fair Labor Standards Act and the New York Labor Law.  Doc. 1.  On June 1, 2021, the Court entered a default judgment against La Mode 1st Cleaner, Inc. ("La Mode") and several other defendants for failure to appear.  Doc. 59.  Pending before the Court is the Rule 60(b) motion of La Mode to reopen this action, and for vacatur of default judgment against it, on grounds that it has never employed Arana and is not related to any

of the other defendants.  Fed. R. Civ. P. 60(b).  For the reasons set forth below the motion is

GRANTED.

## I.        BACKGROUND

La Mode is a Manhattan-based dry cleaning business owned and operated by Jongsool

Kim, his wife, Young Sook Kim, and his son, Frederic Yeonsoo Kim (the "Kim Family").  Doc.

76-2 (Internal Revenue Service ("IRS") forms showing that Kim's son, Frederic Kim, owned

100% of La Mode during the 2016, 2017, and 2018 tax years).  According to Jongsool Kim, La

Mode has not employed anybody outside of the Kim Family since 2001.  Affidavit of Jongsool

Kim in Support of Motion for Vacatur ("Kim Aff'd."), Doc. 71-1, ¶ 2; *see also* Docs. 71-5, 76-4

(La Mode New York wage reporting forms from 2016 to 2020, which show that only members

of the Kim Family were employed by La Mode).

Arana brought this action on February 10, 2020 against La Mode, Richard J. An, and ten

other Manhattan-based dry cleaning businesses, including a number that are similarly named "La

Mode."[1]  Doc. 1.  The complaint alleges that An owns all of the defendant-dry cleaners,

including La Mode, and that the businesses operate as a single, integrated enterprise.  Doc. 1 ¶¶

6–7.  Specifically, Arana alleges that he was employed by defendants as a laundry delivery man

from January 2012 until May 2018, and that defendants deliberately underpaid him for his

services.  *Id.* ¶¶ 33, 48–64.

La Mode was served on August 24, 2020 but failed to appear or respond to the complaint.

Doc. 39.  Kim admits that he received the complaint, but he contends that he was "so panic[ked]

in the pandemic situation and legally ignorant" that he did not know what to do.  Kim Aff'd. ¶ 5.

---

[1] The complaint named seven other "La Mode" defendants:  06 La Mode Cleaners Inc., La Mode Cleaners of New York 37 Inc., La Mode Cleaners 40 Inc., La Mode Cleaners 58 Inc., La Mode Cleaners 7 LLC, La Mode Cleaners 8 LLC, and La Mode Organic Cleaners Inc.  *See* Doc. 1.

At some point thereafter, Kim claims to have contacted counsel for Arana to explain that he believed La Mode had been inaccurately named in the complaint.[2]  *Id.*  Counsel for Arana purportedly told Kim that "he would handle the matter."  *Id.*

Approximately four months later, on January 4, 2021, Arana moved for default judgment against La Mode and the remaining defendants.[3]  On March 11, 2021, the Court ordered the remaining defendants to appear telephonically on April 16, 2021 to show cause for why default judgment should not be entered against them.  Doc. 54.  The following day, on March 12, 2021, La Mode was served with the order to show cause via first-class mail.  Doc. 55.

La Mode did not appear at the April 16, 2021 show-cause hearing.  On June 1, 2021, the Court entered default judgment against the defendants, including La Mode, in the total amount of $57,065.00 and closed the case.  Doc. 59.

More than a year later, at some point in May 2022, Kim claims that Chase Bank informed him that two of his business accounts had been frozen in connection with the order of default judgment.  Kim Aff'd. ¶ 8.  It was at that time that he first realized that a default judgment had been entered against La Mode.  *Id.*

On July 1, 2022, having retained counsel,[4] La Mode requested a pre-motion conference to move to reopen the case and for vacatur of default judgment.  Doc. 69.  Following the July 7, 2022 pre-motion conference, La Mode filed the instant Rule 60(b) motion on July 11, 2022.  Doc. 71.  La Mode contends that it was improperly named in the complaint, as it has never

---

[2] In his affidavit, Kim does not specify when he contacted counsel for Arana or with whom he spoke.  Arana does not address this phone call in his opposition to the motion for vacatur ("Opp."), Doc. 74.

[3] Also on January 4, 2021, Arana voluntarily dismissed his claims against La Mode Cleaners 8 LLC and La Mode Organic Cleaners Inc., leaving ten remaining defendants, including La Mode.  *See* Doc. 41.

[4] Counsel for La Mode filed a notice of appearance on June 27, 2023.  Doc. 64.

employed Arana or been affiliated with any of the other defendants.  Memorandum in Support of

Motion for Vacatur ("Memo. in Supp."), Doc. 71-3, at 4.

## II.     STANDARD

" "For good cause shown the court may set aside an entry of default and, if a judgment by

default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ.

P. 55(c).  According to Rule 60(b), a court may vacate a judgment for any of the following

reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Motions under Rule 60(b) appeal to the sound discretion of the district

court.  *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub*

*nom.*, *Gollust v. Mendell*, 501 U.S. 115 (1991).  On a motion to set aside a default judgment,

doubts should be resolved in favor of the party seeking relief.  *Enron Oil Corp. v. Diakuhara,* 10

F.3d 90, 96 (2d Cir. 1993).

## III.    DISCUSSION

### a.  Good Cause

In determining whether there exists "good cause" to vacate a default judgment, courts

consider:  (1) whether the default was willful, (2) whether setting it aside would prejudice the

adversary, and (3) whether a meritorious defense is presented.  *Commercial Bank of Kuwait v.*

*Rafidain Bank*, 15 F.3d 238, 243 (2nd Cir. 1994) (marks and citations omitted).  The court may

also consider "whether the entry of default would bring about a harsh or unfair result." *Diakuhara*, 10 F.3d at 96 (citation omitted).  In general, "good cause" should be construed generously.  *Id.* ("[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.").

        **i.   Willfulness**

In the context of a default, the Second Circuit has interpreted "willfulness" to mean "more than merely negligent or careless."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). However, "the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained," such as when defendants "failed, for untenable reasons, after defendants had purposely evaded service for months, to answer the complaint."  *Id.* at 739 (marks and citation omitted).

In assessing willfulness, courts have held that the exigencies of the COVID-19 pandemic may excuse a party from default under certain circumstances.  *See, e.g.*, *Waterscape Resort LLC v. 70 W. 45th St. Holding LLC*, No. 21 Civ. 7350 (PAE), 2022 WL 1558314, at *1 (S.D.N.Y. May 17, 2022) (deeming defendants' default unintentional when defendants alleged that they did not receive service of the complaint because their business had been closed due to the COVID-19 pandemic); *see also  See Scalia v. APS Market and Grill, LLC*, 2020 WL 4284943, at *3 (D. Del. July 27, 2020) ("While Defendants neglected their duty to respond, their excuse of preoccupation with the COVID-19 pandemic is plausible."); *Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 565 (S.D. Ohio 2020) (finding that because "the default [was] a result of unprecedented circumstances rising from the COVID-19 pandemic[,]" it was not willful).  Courts in this District, however, have been reluctant to excuse inaction, when the defaulting party fails

to explain precisely how the pandemic caused his failure to act.  In *Wildflower + Co., Inc. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 197 (S.D.N.Y.), for example, the corporate vice president of a defaulting defendant admitted that he had received an email from plaintiff's counsel on July 19, 2020, informing him that his company had been named in a lawsuit and attaching a copy of the complaint.  *Id.*  His company nonetheless failed to appear or respond and was held in default. On motion to set aside the judgment, the vice president argued that he had "overlooked" the email because his "attention and resources were entirely focused on [the] business' efforts to survive the COVID-19 pandemic."  *Id.*  Ruling on willfulness, the court stated that it was "reluctant" to accept the explanation that the pandemic caused the defendant to fail to act because the defendant did not forthrightly explain specifically how the pandemic played a causal role.  *Id.*  Ultimately, however, the court reached no decision on willfulness, holding that in any event, other factors weighed in favor vacating the default judgment.  *Id.*

Here, Kim acknowledges that was served with the complaint on August 24, 2020 and thereby knew about the action against La Mode.  Kim, however, emphasizes that he called counsel for Arana to explain that La Mode had been wrongly named and that Arana's attorney advised Kim that he would "handle" it.  Kim therefore asserts that he had reason to believe that the litigation would resolve on its own.  Kim separately argues that his failure to take legal action was not deliberate because he was "panicked" by the then-ongoing COVID-19 pandemic.

The fact that Kim alleges to have contacted Arana's counsel to resolve this matter weighs against a finding of deliberate avoidance.  *See McNulty*, 137 F.3d at 738.  Kim's phone call demonstrates an effort to address the complaint, not evade it.  The purported response of Arana's attorney—that he would handle the matter—provides additional explanation for why La Mode, which was not represented by counsel at the time, did not take any additional steps.  The record

6

before the Court, however, suggests that La Mode failed to act, even after the order to show cause was mailed to it on March 12, 2021.[5]  Doc. 55.

Whether La Mode willfully defaulted is a close call.  The Court, however, need not decide this question for purposes of determining good cause.  Even assuming willfulness, *arguendo*, the remaining factors weigh in favor of finding good cause to set aside default judgment for the reasons set forth below.

### ii.  Prejudice to Arana

"Some delay is inevitable when a motion to vacate a default judgment is granted; thus, delay alone is not a sufficient basis for establishing prejudice."  *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005).  "Something more is needed."  *Id.*  The delay, for example, may "thwart plaintiff's recovery or remedy.  It also may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Id.* (internal marks and citation omitted).

La Mode brings this Rule 60(b) motion more than one year and one month after default judgment was entered against it, on June 1, 2021.  Arana conclusively argues that he would be prejudiced if the Court reopened his action against La Mode because his recovery could be threatened, "he would be unable to discover evidence needed to prove his claims," and further delay could "also create opportunities for fraud and collusion."  Opp. at 5–6.  These arguments are speculative and unpersuasive.  Arana offers no details on how continuing litigation would thwart his recovery or render unattainable relevant pieces of evidence.  To the contrary, La Mode has produced significant evidence that it has never employed Arana.  *See* Docs. 76-2 (IRS forms

---

[5] La Mode does not address whether Kim actually received these documents.

for the 2016, 2017, and 2018 tax years); 71-5, 76-4 (New York wage reporting forms from 2016 to 2020).  Arana also fails to discuss in any detail what "fraud" he expects might occur.

Without "more," the Court finds that Arana would not be prejudiced by granting the 60(b) motion.  *Green*, 420 F.3d at 110.

### iii.  Merits of Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively . . . but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  *McNulty*, 137 F.3d at 740 (marks and citations omitted).  The defaulting defendant "need only meet a low threshold to satisfy this factor."  *Gench v. HostGator.com LLC*, 14 Civ. 3592 (RA) (GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014)).  The defendant must, however, "present more than conclusory denials when attempting to show the existence of a meritorious defense."  *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001); *see also Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993) (noting defendant must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations").

Arana argues that the La Mode has failed to advance a sufficiently meritorious defense because it has offered only a few financial documents in support of its claim that it never employed him, which amount to little more than "conclusory denials."  Opp. at 7.  Furthermore, in his declaration in support of his motion for default judgment, Arana asserts that La Mode is

one of the cleaners involved in the enterprise for which he performed delivery services.  *See* Doc. 44-4.

The evidence furnished by La Mode suggests that La Mode never employed Arana.  Of particular importance, the New York wage reporting forms from 2016 to 2020 do not reflect that La Mode employed anyone outside of the Kim family.  *See* Docs. 71-5, 76-4.  Additionally, while Arana alleges that An owned each of the defendant dry cleaning businesses, the IRS forms for the 2016, 2017, and 2018 tax years, show that Kim's son, Frederic Yeonsoo Kim, owned 100% of La Mode, not An.  Doc. 76-2; *compare with* Compl. ¶¶ 6–7 (alleging that Richard J. An owned the defendant dry cleaner facilities).  Together, these records lend more than conclusory support to claim that La Mode is distinct from the other defendants and did not employ Arana, a complete defense to the allegations levied against it.  Moreover, Arana's claim that La Mode is affiliated with the other defendants is supported only by his *ipse dixit* declaration and is substantively identical to the similarly conclusory allegations in the complaint.  *See* Doc. 1 ¶ 7 (conclusively alleging that all of the dry cleaning defendants, including La Mode operated as a "single integrated enterprise" and "share common ownership and . . . a common business purpose").

For the foregoing reasons, the Court finds that La Mode has set forth a sufficiently meritorious defense:  that it never employed Arana and therefore should never have been sued in the first place.

### b.  Timeliness

Rule 60(b) provides that a court may relieve a party from final judgment for six reasons, as specified in sub-sections (1) through (6) of the Rule.  Rule 60(c)(1) imposes a one-year limitations period on 60(b) motions made pursuant to subsections (1) through (3).  *See* Fed. R.

Civ. P. 60(b)(1)–(3) (permitting the Court to vacate default judgment for reason of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud, mistake, or misconduct by an opposing party). Rule 60(c)(1) provides that motions made pursuant to any of the other subsections reasons, *see* Fed. R. Civ. 60(b)(4)–(6), need only be made "within a reasonable" time, rather than within one year. Fed. R. Civ. P. 60(c)(1). Relevant here, Rule 60(b)(6) provides that a court may vacate a final judgment "for any . . . reason that justifies relief" *not* specified by subsections (1) through (5).

La Mode filed its Rule 60(b) motion on July 11, 2022, more than one year after the Court entered default judgment against it. The motion itself does not identify the specific subsections pursuant to which La Mode seeks relief. Doc. 71. La Mode's memoranda in support of the motion, however, refer to three subsections pursuant to which the Court should vacate judgment: Rule 60(b)(1), because Arana mistakenly named La Mode; Rule 60(b)(3), because Arana engaged in misconduct by failing to investigate the correct defendants to sue and subsequently failed to fix his mistake; or Rule 60(b)(6), to avoid serious injustice. *See* Memo. in Supp. at 5–6; *see also* La Mode's Reply Memorandum to the Opposition to the Motion ("Reply"), Doc. 76, at 6–7. La Mode further argues that its motion is not subject to the one-year limitations period imposed by Rule 60(c)(1) on motions brought pursuant to subsections (1)(2), or (3) of Rule 60(b) because the "reasonableness" standard applicable to Rule 60(b)(6) motions should govern. Reply at 6. La Mode lastly asserts that it brought the motion within a reasonable period of time in light of exigent circumstances, *i.e.*, the pandemic, the phone call to Arana's counsel, and the implicit promise of Arana's counsel to resolve the issue. *Id.* at 6–7.

Rule 60(b)(1) and Rule 60 (b)(6) are "mutually exclusive," such "that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Stevens v.*

10

*Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d

Cir. 1976) (marks and citations omitted)).  Accordingly, "[w]here a party's Rule 60(b) motion is

premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule

60(b)(6) is foreclosed."  *Id* (citation omitted); *see also Kemp v. United States*, 142 S.Ct. 1856,

1861 (2022) ("[60(b)(6)] is available only when Rules 60(b)(1) through (b)(5) are

inapplicable.").   Rule 60(b)(6), however, "confers broad discretion on the trial court to grant

relief when appropriate to accomplish justice."  *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.

1986) (internal quotation marks omitted).  "Relief pursuant to 60(b)(6) is warranted where there

are extraordinary circumstances, or where the judgment may work an extreme and undue

hardship, and should be liberally construed when substantial justice will thus be served."  *United*

*Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (marks and citations omitted); *see also*

*Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 Fed. Appx. 29, 31 (2d Cir. 2010)

(describing Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular

case") (marks and citations omitted)); *Kemp*, 142 S. Ct. at 1865 (Sotomayor, J., concurring)

(clarifying that "nothing in [the Court's opinion] casts doubt on the availability of Rule 60(b)(6)

to reopen a judgment in extraordinary circumstances").  Moreover, courts in this Circuit have

held that "it would be manifestly unjust to permit [a] default judgment against [a wrongly named

defendant] to stand[.]"  *Mayes v. 490 Habitat, Inc.*, No. 18 Civ. 1427 (SJF), 2020 WL 587112, at

*4 (E.D.N.Y. Feb. 6, 2020) (granting plaintiff's motion to vacate default judgment against a

misidentified defendant).

   Here, the core motivation for La Mode's motion for vacatur is to avoid the injustice of

being held liable for the conduct of others.    In order to serve the interests of justice—and to

avoid the possibility of inflicting significant undue hardship upon La Mode—the Court therefore

considers this motion brought pursuant to Rule 60(b)(6) and subject to a "reasonable" limitations period.  Accordingly, and in light of the exigent circumstances surrounding La Mode's default, the Court deems the motion for vacatur brought within a reasonable period of time.[6]

## IV.     CONCLUSION

For the foregoing reasons, La Mode's motion to reopen this action and vacate default judgment is GRANTED.  The parties are directed to appear for a telephonic conference on March 16, 2023 at 10:00 a.m.  Furthermore, the Clerk of Court is respectfully directed to terminate the motion, Doc. 71.

It is SO ORDERED.

Dated:     February 27, 2023
           New York, New York

_____
           Edgardo Ramos, U.S.D.J

---

[6] La Mode asserts that it was advised by his bank that his accounts had been frozen at some point in May 2022; it soon thereafter retained counsel—who appeared on its behalf on June 27, 2022, *see* Doc. 64—and requested a pre-motion conference for the instant motion on July 1, 2023, Doc. 69.  La Mode filed the motion for vacatur on July 11, 2022, within several weeks after being advised that its bank accounts had been frozen.  Doc. 71.